UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| EX REL. JAMES OSBORNE, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| HOMECARE PRODUCTS, § | SA-06-CV-0746 NN | |
| INCORPORATED d/b/a EZ ACCESS, § | | |
| DON EVERARD, § | | |
| DEANNE SONDVOLD, § | | |
| GELEDA EVERARD, § | | |
| JOHN HEATH, § | | |
| MISTY HEATH, § | | |
| BRIAN CLARK and § | | |
| AMERICAN ACCESS, INC., § | | |
| § | | |
| Defendants. § | | |

## SHOW CAUSE ORDER TO PLAINTIFF JAMES OSBORNE

The purpose of this order is to direct plaintiff James Osborne to show cause why his claims against defendants John and Misty Heath should not be dismissed for failure to serve. This case was transferred to the undersigned magistrate judge after all parties named in Osborne's first amended complaint consented to the magistrate judge's jurisdiction.[1] Since that time, Osborne filed a second amended complaint adding more defendants. All of the additional defendants have been served and have consented to the magistrate judge's jurisdiction except for John and Misty Heath.

Osborne added John and Misty Heath as defendants over five months ago, but the court has no indication that John and Misty Heath have been served. The absence of service has

---

[1] Docket entry # 16.

created a problem with jurisdiction in this case because a magistrate judge can proceed only if all parties have consented to the magistrate judge's jurisdiction.[2]  Without service, John and Misty Heath have no opportunity to consent.

Rule 4 of the Federal Rules of Civil Procedure provides in pertinent part:

> The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.[3]

Rule 4(m) provides that:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.[4]

The 120-day time period for service has expired in this case.

Because the time for serving John and Misty Health has passed, the court ORDERS Osborne to show cause in writing on or before **February 19, 2008**, why his claims against John and Misty Heath should not be dismissed for failing to diligently serve them.  If Osborne has not served John and Misty Heath because he is unable to locate them, Osborne may respond to this order by filing an amended complaint deleting John and Misty Health as defendants.  The offer to file an amended complaint is extended for the sole purpose of deleting John and Misty Heath as defendants so that jurisdiction can be settled and this case can proceed.  Otherwise, jurisdiction could prevent Osborne from prosecuting his claims.

---

[2] *See* 28 U.S.C. § 636(c).

[3] FED. R. CIV. P. 4(c)(1).

[4] *Id*. R. 4(m).

Failure to respond to this order by February 19, 2008 may result in this case being returned to the district court with a recommendation that claims against John and Misty Heath be dismissed under Rule 4(m).

**SIGNED** on February 7, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE