UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| EX REL. JAMES OSBORNE, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | CIVIL ACTION NO. | |
| § | | |
| HOMECARE PRODUCTS, § | SA-06-CV-0746 NN | |
| INCORPORATED d/b/a EZ ACCESS, § | | |
| DON EVERARD, § | | |
| DEANNE SONDVOLD, § | | |
| GELEDA EVERARD, § | | |
| JOHN HEATH, § | | |
| MISTY HEATH, § | | |
| BRIAN CLARK and § | | |
| AMERICAN ACCESS, INC., § | | |
| § | | |
| Defendants. § | | |

## ORDER DENYING MOTION TO DISMISS

The matter before the Court is defendants Clark and American Access's motion to dismiss.[1] I did not address the motion earlier because of the jurisdictional issue discussed in my show cause order.[2] With jurisdiction resolved by the filing of plaintiff James Osborne's third amended complaint,[3] the motion to dismiss is ripe for determination.

Defendants Brian Clark and American Access, Inc. ask the court to dismiss the claims against them for failure to state a claim upon which relief may be granted. First, they complain

---

[1] Docket entry # 29.

[2] Docket entry # 40.

[3] *See* docket entry #s 42 & 43.

that Osborne's second amended complaint does not allege an act or omission by either of them that could serve as the basis of a claim. Second, they complain that, as president of American Access,[4] Clark cannot be sued individually.

In response, Osborne recognized the deficiencies in his complaint[5] and asked to file the proposed amended complaint attached to his response. Although the document attached to his response is captioned "plaintiffs second amended complaint and jury trial demand," Osborne's response to my earlier show cause order indicates that Osborne intended for the document to serve as his third amended complaint.[6] Since that time, I directed the clerk of the court to file the document attached to Osborne's response to my show cause order—captioned "plaintiffs fourth amended complaint and original jury trial demand"—as Osborne's third amended complaint.[7] That document contains additional factual allegations to state a claim against American Access and Clark and to allege a basis for holding Clark individually liable.[8] Those allegations have mooted the grounds for dismissal asserted in the motion to dismiss. Consequently, I DENY the motion to dismiss (docket entry # 29) as moot. If upon review of

---

[4]The motion to dismiss does not explicitly identify Clark's role in American Access, but my law clerk confirmed with Clark's attorney that Clark is president of American Access.

[5]Docket entry # 32, ¶¶ 1 & 4.

[6]*See* docket entry # 41, ¶ 2 (referring to an attached fourth amended complaint).

[7]Docket entry # 42.

[8]*See* docket entry # 43. In his response, Osborne suggested that American Access lost its corporate status some time ago and that Clark has been doing business as American Access; Osborne, however, did not address whether he can sue a corporate entity that may no longer exist. *See* docket entry # 32, ¶ 10.

Osborne's third amended complaint[9] American Access and Clark still consider the allegations as failing to state a claim, they may file a new motion addressing the third amended complaint.[10]

      **SIGNED** on March 6, 2008.

_____<br>
NANCY STEIN NOWAK<br>
UNITED STATES MAGISTRATE JUDGE

---

[9] Docket entry # 43.

[10] The deadline for filing dispositive motions is July 31, 2008.  *See* docket entry # 38, ¶ 7.