UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| EX REL. JAMES OSBORNE, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| HOMECARE PRODUCTS, | § | SA-06-CV-0746 NN |
| INCORPORATED d/b/a EZ ACCESS, | § | |
| DON EVERARD, | § | |
| DEANNE SONDVOLD, | § | |
| GELEDA EVERARD, | § | |
| BRIAN CLARK and | § | |
| AMERICAN ACCESS, INC., | § | |
| | § | |
| Defendants. | § | |

**ORDER DENYING MOTION TO FILE LATE**

This order denies plaintiff James Osborne's motion[1] to extend the time for responding to the motion for summary judgment filed by defendants Homecare Products, Don Everard, Geleda Everard, and Deanne Sondvold (together, Homecare).[2] Osborne initially attempted to file a response on May 15, 2008 by filing an unopposed motion to exceed the page limits.[3] Because the response was 20 days late, I denied the motion, explaining that the response was late and the motion to exceed the page limits did not set forth an appropriate basis for filing the response.[4] Osborne then moved for leave to file late, explaining that the late response was due to attorney

---

[1] Docket entry # 55.

[2] Docket entry # 49.

[3] Docket entry # 53.

[4] Docket entry # 54.

error and asserting that he had shown excusable neglect.

The Local Rules for this district provide for 11 days from service of a motion for filing a response.[5]  Under the Local Rules, the time for responding to the defendants' motion expired on April 25, 2008.  Where the time for responding has passed, Federal Rule of Civil Procedure 6(b) permits the court to extend the time for responding "on motion . . . if the party failed to act because of excusable neglect."[6]  The question of whether a party has demonstrated excusable neglect is "an equitable one, taking account of all relevant circumstances surrounding the party's omission."[7]  In making the determination, the court considers "the danger of prejudice to the [other party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."[8]

The first factor in the determination—the danger of prejudice to the other party—weighs against a finding of excusable neglect.  Osborne seeks to file a 20-page response and 137 pages of summary-judgment evidence.  The response and summary-judgment evidence contains arguments unsupported by legal authority, numerous conclusory assertions, character attacks on the defendants and their affiants, and documents without explanation about materiality.  If the response was filed, the defendants would incur substantial legal fees to reply to the arguments and summary-judgment evidence.  That expense would prejudice the defendants.

---

[5]Local Rules, Western District of Texas, R. CV-7(d).

[6]Fed. R. Civ. P. 6(b)(1)(B).

[7]*Pioneer Inv. Services Co. v. Brunswick Associates Ltd. P'ship*, 507 U.S. 380, 395 (1993).

[8]*Pioneer Inv. Services Co.*, 507 U.S. at 395.

The second factor—the length of the delay and its potential impact on judicial proceedings—weighs against a finding of excusable neglect. Osborne filed his case on September 9, 2006. The district judge initially issued a scheduling order requiring discovery to be completed by October 17, 2007.[9] At the parties' request,[10] I extended the time for discovery until July 31, 2008.[11] Even though that deadline was 11 weeks away when Osborne first sought to file his response, Osborne has taken no depositions in this case.[12] This case has been pending for 18 months, yet Osborne has done little to prosecute his case. In contrast, the defendants sought out summary-judgment evidence to end what they characterize as meritless litigation. Granting the motion to file late would further delay the resolution of this case because filing the late response would trigger a reply by the defendants. Although the court need not wait for a reply under the Local Rules, the defendants would reasonably seek the court's indulgence to file a reply. Judicial proceedings in this case have been delayed because the court was completing its review of the defendants' motion for summary judgment when Osborne first sought to exceed the page limits.[13] Waiting for a reply would delay judicial proceedings further.

The third factor—the reason for the delay—weighs against a finding of excusable neglect. In his motion, Osborne explained that he understood that he had 20 days to respond and that he

---

[9]Docket entry # 12.

[10]Docket entry #s 23 & 24.

[11]Docket entry # 38.

[12]*See* docket entry # 56, p. 3.

[13]*See* docket entry # 54.

3

thought he had requested a continuance electronically.[14]  Neither of these reasons constitutes excusable neglect.  Even if the Local Rules allowed for a 20-day response period, Osborne did not seek to file a response until May 15, 2008—31 days after the motion was filed.  If Osborne was unfamiliar with electronic filing as he suggests, his unfamiliarity would not have prevented him from verifying whether he had successfully filed a motion for an extension of time.  Electronic filing may be relatively new, but the court's case management system—Public Access to Court Electronic Records (PACER)—is not new.  Attorneys can easily verify whether a pleading was successfully filed by accessing PACER.  If an attorney is unsuccessful in timely filing a pleading for technical reasons, the court's Administrative Policies and Procedures for Electronic Case Filing in Civil and Criminal Cases explains the procedures for that event.[15]  In addition, the court provides an Attorney User Manual, offers computer-based training, and maintains a help desk for questions about electronic filing—all to assist lawyers and their staffs file pleadings.  In light of these resources, Osborne's reasons for failing to file a response or a motion for an extension of time were within his control.  The reasons do not rise to the level of excusable neglect.

      The final factor—whether the movant acted in good faith—is a more difficult call.  Osborne's attorney admits that the mistake in failing to seek leave to a file late response is his mistake, not his client's mistake.  Osborne, however, chose the "attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely

---

[14]Docket entry # 55.

[15]*See* Admin. Policies & Procedures for Elec. Case Filing in Civil & Criminal Cases for the Western District of Tex., adopted Jan. 20, 2006, revised Oct. 6, 2006, p. 13-14, *available at* www.txwd.uscourts.gov.

selected agent."[16]  There is no excuse for failing to familiarize oneself with the rules for the district in which one files a lawsuit or failing to ascertain the status of one's case.  The final factor does not weigh in favor of finding excusable neglect.

All factors weighing against a finding of excusable neglect, Osborne's motion for leave to file late (docket entry # 55) is denied.

**SIGNED** on May 29, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[16]*Pioneer Inv. Services Co.*, 507 U.S. at 397.