UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| EX REL. JAMES OSBORNE, § | | |
| § | | |
| Plaintiff, § | | |
| v. § | | CIVIL ACTION NO. |
| § | | |
| HOMECARE PRODUCTS, § | | SA-06-CV-0746 NN |
| INCORPORATED d/b/a EZ ACCESS, § | | |
| DON EVERARD, § | | |
| DEANNE SONDVOLD, § | | |
| GELEDA EVERARD, § | | |
| BRIAN CLARK and § | | |
| AMERICAN ACCESS, INC., § | | |
| § | | |
| Defendants. § | | |

## ORDER GRANTING SUMMARY JUDGMENT

This order grants summary judgment in favor of defendants Brian Clark and American Access Inc. (together, American Access), and against plaintiff James Osborne. Previously, I granted the motion for summary judgment filed by defendants Homecare Products, Don Everard, Geleda Everald, and Deanne Sondvold (together, Homecare) and entered summary judgment in favor of Homecare.[1] I determined that no fact question existed about whether Homecare made a false claim because no evidence shows that the Veterans Administration (VA) contracted for ADA-compliant wheelchair ramps. Because Osborne's claims against American Access are based on the same premise as the claims against Homecare—that the VA contracted for ADA-compliant wheelchair ramps—it appeared that American Access is also entitled to summary judgment for the same reason entitling Homecare to summary judgment—that no fact question exists about whether

---

[1]Docket entry # 58.

American Access made a false claim because no evidence shows that the VA contracted for ADA-complaint wheelchair ramps. Consequently, I notified Osborne that the court was considering summary judgment in favor of American Access and gave Osborne the opportunity to present argument and/or documentary evidence precluding summary judgment.

Since that time, Osborne filed numerous pleadings.[2] Liberally construed, Osborne's pleadings seek reconsideration of the summary judgment in favor of Homecare and oppose summary judgment in favor of American Access. Osborne advanced three arguments about why summary judgment is inappropriate.

First, Osborne argued that the National Acquisition Center's (NAC) federal supply contract # V797P-3864K requires ADA compliance.[3] Osborne insisted that the NAC's contract required Homecare and American Access to supply ADA-complaint wheelchair ramps. To make this showing, Osborne presented a screen-print of a web page from the VA's website, describing the VA's federal supply program.[4] The web page lists the VA's current schedules and agency contacts for each schedule. The VA web page does not address the material issue—whether the VA contracted for ADA-compliant wheelchair ramps, or whether the NAC contracted for ADA-compliant wheelchair ramps. Osborne also presented screen-prints of web pages from the Government Accounting Office's (GAO) Advantage website.[5] The web pages offer products for sale, some of which are manufactured by Homecare and are advertised as ADA-compliant.

---

[2] *See* docket entry #s 59, 60, 61, 66 & 68.

[3] Docket entry # 61, pp. 1-6.

[4] Docket entry # 61, exh. 2.

[5] Docket entry # 61, exh. 3.

Osborne contended that the web pages prove that Homecare represented to the NAC and to all other government agencies that its products are ADA-compliant.[6] Like the web page from the VA website, the GSA web pages do not address a material issue. Consequently, the web pages do not raise a fact question about whether Homecare or American Access made a false claim.

Second, Osborne complained that Homecare charged the VA for products described in its brochures and on-line catalogs as ADA-compliant and argued that the government, through the NAC, did not receive what it bargained for.[7] Osborne explained that it costs more to construct a wheelchair ramp that meets the ADA's requirements than a wheelchair ramp that does not meet the ADA's requirements. The difference in the cost of constructing a wheelchair ramp that meets the ADA's requirements and a wheelchair ramp that does not meet the ADA's requirements is not material unless Osborne raises a fact question about whether the VA contracted for ADA-compliant ramps. Osborne did not raise a fact question about whether the VA contracted for ADA-compliant wheelchair ramps.

Finally, Osborne argued that a fact question exists about whether a false claim was made because VA Handbook 1173.08 entitles veterans to ADA-compliant ramps.[8] Osborne explained that the handbook states that veteran beneficiaries have a right to ADA-compliant wheelchair ramps and insisted that the handbook carries the force and effect of law. For an agency handbook to have the independent force and effect of law, "the agency pronouncement must (1) prescribe substantive rules—not interpretive rules, general statements of policy or rules of agency

---

[6] Docket entry # 61, p. 1.

[7] Docket entry # 61, pp. 6-7.

[8] Docket entry # 61, pp. 7-10. *See* docket entry # 60.

organization, procedure or practice—and, (2) conform to certain procedural requirements [of the Administrative Procedure Act (APA)]."[9] As to the latter requirement, the VA's handbook is not promulgated in accordance with the APA.[10] It isn't published in the Federal Register or the Code of Federal Regulations.[11] It isn't subject to the notice and comment rulemaking.[12] It isn't regulation. It isn't promulgated pursuant to an independent congressional authority.[13] The handbook doesn't carry the force and effect of law.[14] Notably, Osborne acknowledged that the beneficiary rights do not mean that the VA contracted for ADA compliant ramps.[15] Osborne's argument about VA Handbook 1173.08 does not raise a fact question about whether a false claim was made.

In a final pleading Osborne asks the court to delay its determination in this case to give him time to tender evidence in an admissible form. He complains that Homecare initially omitted evidence of its representations about ADA compliance and characterizes the late production of an exhibit as perpetrating a fraud on the court. Review of the exhibit indicates that admissible form will not help Osborne. The information, admissible or not, does not raise a fact question about whether Homecare or American Access made a false claim. Osborne's request for a delay (docket entry # 66) is DENIED.

---

[9] *Western Radio Services Co. v. Espy*, 79 F.3d 896, 901 (9th Cir. 1996).

[10] *Accord Western Radio Services Co.*, 79 F.3d at 901.

[11] *Accord id.*

[12] *Accord id.*

[13] *Accord id.*

[14] *Accord id.*

[15] Docket entry # 61, p. 8.

No evidence exists of a false claim.  Like Homecare, American Access is entitled to summary judgment.  Consequently, I will enter a final judgment in this case in favor of the defendants.

**SIGNED** on July 3, 2008.

_____
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE